The case on the docket this morning is 2-18-200-0836, Law Office of Trent and Butcher v. Gustafson and Chicago Title & Trust Company, Defendants Appendix. Arguing on behalf of the Defendant's Appellant, Mr. Mark P. Trent. Arguing on behalf of the Defendant's Appendix, Mr. Alexander T. Rosette. Alright, both sides ready to proceed? Yes, Your Honor. Then you may proceed when you're ready. Good morning, Your Honor. This is Mark Trent on behalf of the Law Office of Trent and Butcher. May I proceed? Of course. Thank you. On July 15, 2016, the Honorable Judge Sexton signed a court order which stated in pertinent part that the motion to quash the judgment leaning of the Law Office of Trent and Butcher will stand and the motion is denied. Subsequently thereafter, Mr. Gustafson and North Chicago Title filed the property procedure and filed a notice of appeal or a motion for reconsideration. Was Mr. Gustafson the sole owner of the property when it was sold? I believe so, Your Honor, yes. Well, Mrs. Gustafson had no interest in that property. She already titled the property over to Mr. Gustafson at the time, Your Honor. Okay. So, how does Judge Demling's order, doesn't that conflict with Judge Sexton's order? I mean, Judge Demling's order says that Mr. Gustafson doesn't owe interest to the plaintiff and then he's the sole owner of this property. Why would he be on the hook for that even in light of Judge Sexton's order? Well, Your Honor, that goes back to the whole issue of this case regarding race judicata. Judge Sexton made a determination on the case. Neither Chicago Title nor Mr. Gustafson filed a notice of appeal or a motion for reconsideration. Therefore, the case would have been borrowed by the decision of Judge Sexton, even subsequently thereafter, if Judge Demling makes a separate ruling. And that's the main issue in this case. Well, Judge Demling's ruling was before. Before? Yeah, it was on July 30th of 2013. Your Honor, in that case then, Judge Sexton thereafter did realize that there was a lien on the property. Perhaps Judge Demling's ruling was with regard to the judgment itself, and when Judge Sexton made the ruling, it was regarding the lien. The only issue before Judge Sexton was when Mr. Gustafson filed a motion that quashed the lien. The lien that was on the property. That lien was derived from the judgment, but that lien followed the property when he went to sell the property subsequently thereafter. And going back to Judge Sexton's ruling, thereafter, again, neither Chicago Title nor Mr. Gustafson filed a notice of appeal or a motion for reconsideration. What happened is, unilaterally, Chicago Title had the lien on their closing statement. They issued a check in the amount that was due pursuant to the interest of the judgment, and they sent the check to the Law Office of Trenton Butcher. And then thereafter, they stopped payment on that check. They stopped payment on the check. The law is clear pursuant to 2-1203 regarding a motion for reconsideration. The law is clear regarding Supreme Court Rule 303, 303 regarding a notice of appeal. It was almost a cavalier attitude on behalf of Chicago Title, and in the brief before this court, Chicago Title states, Judge Sexton had no authority to exceed the scope of statutory and common law in making her ruling. And so, Judge Sexton was the judge at the time. There was her ruling. And procedurally, they don't agree with the ruling. They need to file a motion for reconsideration or a notice of appeal. Were they a party to that, to the proceedings before Judge Sexton? Well, I'm going to get to that, Your Honor. Under race judicata, I would argue, yes, they had privity to the proceedings. And, in fact, Judge Sexton even mentioned them in the transcripts. The privity was what? Well, the privity is that they both had an interest as to the determination of whether or not the lien was on the property or not. Because Chicago Title, as a closing company, had an obligation to satisfy that lien on their closing statement. And who is their client, though? The client? Yeah, of Chicago Title. The buyer of the property, the seller of the property.  What would they actually be appealing? The July 15 Judge Sexton order, what would they be appealing? Her finding the lien was balanced? Exactly, Your Honor. And procedurally, too, Mr. Gustin filed a motion to quash the lien. Perhaps the proper motion would have been a motion to file a title. Chicago Title obviously was aware of that, and they didn't file that proper motion. They could have came in as a party. Well, I think Judge Sexton said, she said specifically in her transcripts, the lien will not be quashed, but I'm not quashing the lien. She stated that I'm not quashing the lien. She stated in her transcripts during that ruling that that's how they will be paid, referring to the loss of terms of butcher. They will be paid because there's a lien on the property. Hadn't it expired by then, though? Well, Judge Sexton, according to her, didn't. Yeah, but she may not know of the precise dates, right? She may not have been aware of everything. Well, Your Honor, Judge Sexton is a competent judge. There was a motion presented. There was a response to the motion presented. There was an oral argument. She took her time, went back in chambers, came out, made a ruling, and even Chicago Title argues that the order wasn't properly written. Judge Sexton signed the order. So if she, if it had expired, the lien, did she revive it? By making those statements, by entering that order, did she revive it? Well, the issue is that Judge Sexton stated I'm not quashing the lien. I know that. Is there, is it possible to have a lien on a property that's not valid? If there's a lien on a property at the time of closing, it's encompassing, it's an encumbrance upon the property to assume that the lien is therefore valid. Nevertheless, there's statutory language anyway. Even, let's say, assume that it was past the seven years and the lien did expire. Pursuant to statute, there's up to one year on a property that's been levied to have the lien enforceable. To have it revived or to have it enforceable? Enforceable, Your Honor. I do have the language here. Pursuant to 735 ILCS 5-12-108, that statute specifically states, Real estate levied upon within the seven years may be sold to enforce a judgment at any time within one year after the expiration of the seven years. So we've been assuming that Judge Sexton ruled that the lien is on the property, right? The property is encumbered at the time of the closing. Even assuming that it wasn't valid, the statutory language indicates that after seven years, it's still enforceable on the property. It's good for another year, you're saying? According to the statute. By that statute. Yes. Right. So when did it expire? Well, I don't believe it did, Your Honor, because Judge Sexton ruled that the lien is on the property. When would it? What's the seven-year date from the time that the lien began, which would be when it was recorded, right? Pursuant to the statute. Or the date of the judgment. I'm sorry. It would be the date of the judgment. Pursuant to the statute. That's correct, Your Honor. Right. So that was in 2008? I don't recall, Your Honor. Perhaps. Well, the entry of the judgment was December 2008, I believe. Isn't that right? So wouldn't it expire then December 2015? Well, if you want to make that argument statutorily, I guess, but that's the whole purpose of the proceeding. Why Mr. Gustafson brought his motion to the quash, which was denied by Judge Sexton. So if she makes a ruling indicating that the lien will stay on the property, whether or not the lien expired or not, or she was right or wrong, the procedure is to file a motion for reconsideration or notice of appeal. But for purposes of the motion before her, she determined the lien would stand. Correct, Your Honor, yes. Nonetheless, the validity of a lien is dependent upon the judgment, correct? And she makes a comment to that, Your Honor, regarding Chicago title would determine the validity of the lien, and my understanding as to that would be that that means that Chicago title's attorneys would determine the validity of the lien by going in before the court and filing the proper proceedings, if necessary, to make the determination that the lien should not be on the property at all. If a lien is on the property, the property is encumbered. So, for example, the lien is not valid, but Judge Sexton holds that the lien is on the property. Then Chicago title issues a judgment. So then there's a lien on the property, and then the new buyer is taking over the property with an encumbrance on it. Nevertheless, the lien has to be valid pursuant to the order that Judge Sexton entered. There's a lien on the property, the property's encumbered, and therefore the lien is valid pursuant to her order. Well, at common law, it was not recognized that a judgment would attach to the property. A judgment only attaches to property by statute. The case law is very clear that there must be strict compliance with those statutes for a judgment to act as a lien encumbering property. Do you agree with all those statements? Would you agree with my statements or disagree? I think that regarding a lien on a property is covered by the statute. Yeah, that's exactly right. The law governs. And strict compliance must be followed, correct? The case law says that there must be strict compliance with the statute in order for a judgment to attach to a property. Right. And in this case, I believe a memorandum of judgment was filed. Right. But, again, it expired, which you actually acknowledged in one of the arguments and also points out in the brief. On the arguments before Judge Russo, you agreed that it expired. Well, I don't want that to be misconstrued, Your Honor. At that time in the brief, it was Mr. Roseff, in my recollection, brought up certain dates. And my response was, well, based on the dates applicable to this case or statutorily, would the lien have expired if it was over after seven years? That was my purpose of my response when I stated that, to be honest, on the record. Right. So in going back to the order, then, regarding race judicata, that's the big concern, I believe, in this case, the issue in this case. Because a Chicago title can ignore a court order, and then we have to relitigate the case. They weren't ignoring it. They were put in charge of deciding whether it was valid or not. And then they decided it was valid, and then they changed their mind. I mean, the judge put them in charge of it. Your Honor, I respectfully disagree with that. My understanding of that is that Judge Sexton, I don't understand how a Chicago title can step in the shoes of a judge. I don't either. And I don't know why Judge Sexton entered that ruling. But I mean, she basically said, it's not my call. Those are her words. And I'm quoting. But it's not my call. Chicago title will be the judge as to the validity of the lien. You're right. The judge should make that determination. You're the judge didn't. And you're arguing that she did. Well, validity is what? Does she mean that Chicago title can play the judge outside of the courtroom or that she has the Chicago title needs to have their attorneys come in and follow the proper procedure? Well, isn't there a difference between saying this is beyond my purview, this is not my decision to make, and I'm denying the specific motion and the scope of the motion that's before me? Correct, Your Honor. Maybe that was the issue why Judge Sexton denied the motion was because it wasn't the proper motion. Maybe the proper motion that should have been filed was a motion to acquire title and not a motion to quash the lien. Right. Right. So she denies the motion brought by Mr. Gustafson. Correct. Yes. And then, you know, almost like dicta says, and by the way, whether it's valid or not is not before me, it's not my, I'm not making that decision. How else can we really read that order? Right. Well, then the lien stands, as it's stated in the order, and it's on the property. Mr. Gustafson didn't provide a file of proper motion, a motion to acquire title. Correct. And neither Mr. Gustafson nor Chicago title went in on a notice of appeal or a motion to reconsideration pursuant to the law. At what point, the language is clear in the, I'm sorry, Your Honor. Well, my point is she doesn't make, I mean, you would have us suggest that Judge Sexton, for all time, for all purposes, said this lien is valid. And her words really aren't quite that clear. But the order states, the order doesn't state Chicago title would determine the validity of the lien. Nonetheless, but isn't that inherent in their obligation to their client, which is generally the buyer of the property, to say, all right, there's a lien on this property. It's got to be resolved. And in looking beyond the surface of the lien, for lack of a better way to describe it, they find the judgment upon which that lien is based has expired. Right. That's their determination, Your Honor. That's correct. But at what point can I, I go into courtrooms every day. I have decisions that I may or may not agree with with the judge. And at what point can I just ignore those decisions, do what I want and not follow the proper procedural format? If that's the case, we'll never have an appellate court or a Supreme Court, because the law is a law. It's a harsh master. The orders speak for themselves. It cannot be interpreted by a title company or an outside party or an attorney. It is what it is. And the proper procedural format is to file a motion for reconsideration or a notice of appeal. There needs to be some type of res judicata, some type of bar to require proceedings. There was the proceeding before Judge Sexton, the proceeding in the circuit court, and now here we are again. Again, it was decided by a court of confident jurisdiction before Judge Sexton. It was the same core of operative facts pursuant to the River Park case, and then the same parties with privity. Chicago Title has privity because they have the same interests as Mr. Gustafson to have the lien, a determination as to the validity of the lien. Mr. Gustafson, when he filed his motion to quash, was trying to determine the validity of the lien. And Chicago Title has it. So your position would be if any potential buyer or seller comes to court and asks about a lien, files a motion about a lien, Chicago Title and Trust is forever bound by those? Well, Your Honor, Judge Sexton mentioned Chicago Title in the transfer. They had notice as to what was going on in the situation. On the reverse side, what would happen then if there's a court order entered and the proper motion is not filed, there's a lien on the property, and then Chicago Title can unilaterally court-fit as a judge on every case and determine, well, we don't think that the lien is proper. We're just going to ignore the court order and not file the proper procedural format. Isn't that what she told them to do, though? She says basically Chicago Title will be the judge as to the validity of the lien. She's telling them that's their job. Your Honor, what does that mean? I understand that, but I don't think Judge Sexton was empowering them to have judicial power outside of the courtroom. I think my understanding in reading that perhaps is that, okay, you guys can determine the validity of the lien with your attorneys by bringing it into court, by filing a motion to quiet title, filing a notice of appeal or a motion for reconsideration. Why would they have to bring it into court? Doesn't Chicago Title do this all the time? I mean, realistically, if they're insuring a title on a property and there's a lien on the property and the lien is 150 years old and never been revived, you're telling me that they have to go to court to quiet title or send the parties to court to quiet title, even though it's clear beyond all doubt that that lien has expired? Well, specifically on that point, Your Honor, there's a case, People X-Ray Burrs for Progressive Land. They indicated that adequate representation does not mandate that the litigant in the prior suit be successful. So even though Chicago Title did not file the motion, Gustafson filed the motion and he provided adequate representation as to the interest of Chicago Title on whether or not the lien was valid or not. Chicago Title, there's no doubt, was in privity with Mr. Gustafson on this issue. So, I mean, does this case turn entirely on the issue of whether or not Judge Sexton found the lien to be valid? Your Honor, I think the case is entirely dependent on race judicata and the proper legal procedural format. Well, race judicata requires a final order. Yes. Okay, so I'm asking you a question about that final order. Is that the final order you're pointing to, that she found that the lien was valid? That's my argument, Your Honor, yes. When she said the lien is on the property, the lien is on the property because it is valid. Again, to the other argument, validity. Validity meaning Chicago Title has to have their attorneys, not outside the courtroom, on their own accord in plain judicial shoes of a judge, but to bring the attorneys in before the court on a notice of appeal or a motion of reconsideration, as all of us are subjected to, and follow the proper legal procedure. If you don't agree with the court order, there's a proper legal procedure to follow. And that's for the purposes of judicial economy, Your Honor, is to avoid endless lawsuits. If Chicago Title is not in privity with Mr. Gustafson, does your argument fail? I believe they are in privity. That's not the question. That's beyond a doubt. You've made that point very strongly. I understand that. My question to you is if that argument that you've very strongly made, I understand that, if that argument fails, does your argument fail? Well, there was the other issue when we filed our amendment complaint, Your Honor. There was the statute involving fraud. Consumer fraud. Consumer fraud. Let's talk about this one issue, not the consumer fraud. Okay. Well, I think they follow within that. I can't honestly answer that, Your Honor, because the belief that Chicago Title is not in privity with Gustafson, it's explicitly clear in my legal opinion that they were. Thank you very much, Your Honor. You'll have a chance to reply. Thank you. You may proceed. Are you ready? May it please the Court. My name is Alex Rosette. I represent Defendant Ali, Chicago Title Insurance Company. Facts in the law are clear that Chicago Title has no liability to plaintiff. The shopper quickly granted summary judgment in favor of Chicago Title and dismissed plaintiff's second amendment complaint, a prejudice. Chicago Title asked this Court to affirm all shopper rulings in full. For the purposes of this appeal, the plaintiff argues that the shopper erroneous rulings because its judgment was valid and because restricted conduct applies to Chicago Title. Is your claim in privity with Mr. Gustafson? No, sir. Chicago Title is not in privity with Mr. Gustafson for a variety of reasons. First, Mr. Gustafson was never the virtual representative of Chicago Title. He was not the what? Virtual representative. The case law talks about that. Second, the relationship between Chicago Title and Mr. Gustafson was not sufficient to establish privity as it was not one of the general categories of relationships to establish privity as identified by the Illinois common law. And what I believe most importantly, and what counsel just mentioned a moment ago, I do not believe that Chicago Title's interests could have been adequately represented by a pro se party. Mr. Gustafson is not an attorney. He's here in the courtroom. He brought his motion to quash, the record shows, because he said to Judge Sexton, I paid all the money that I had to pay. Wait, wait, just on this one point. So if he had an attorney with him, then there would be privity? I still do not believe there would be privity, Your Honor, because I do not believe that they have the relationship. What difference does it make whether he was pro se or not? I believe that as a pro se litigant, he could not adequately represent the interests of Chicago Title and that he was unable to identify. What's the basis for that? I do not believe that he was unable to bring the proper motion and that he was unable to identify the proper controlling statute, Section 512-101. Attorneys make mistakes all the time. Of course, Your Honor. I do not believe that he, based on what happened looking back at Heinstick, that his actions were sufficient, that coming in years later, representing Chicago Title, and looking at this and looking at the lien, I believe that the proper motion would have been to acquire a title and not to quash the lien. Quashing the lien invalidates it. It cannot be revived. The basis for that was that Mr. Gustafson believed that he had paid the lien in his way to know the property. I believe that Judge Sexton properly denied the motion to quash because the lien could have been revived. It could still be revived today. It can't attach to the property anymore if Mrs. Gustafson doesn't own it. But I believe it was proper not to quash the lien. And that segues into the point that I believe that res judicata cannot apply because it's a completely different issue. There's a big difference between trying to quash a lien, based on the fact that he had paid off the principal pursuant to his marriage settlement agreement, and trying to, what in effect Chicago Title is doing is quiet title and say that this lien is no longer valid as to the property. Not the belief the lien is no longer valid, period, just as to the property that was the subject of the closing. Does Chicago Title, I ask the proposing counsel this question, does Chicago Title from time to time disregard liens that are on property that have clearly expired? I'm not directly involved with the closing, but I believe, Your Honor, that there are closings every day with Chicago Title. There are certain covers on the property, and Chicago Title makes a determination when they're issuing a title insurance what they want to do. Oftentimes, and I've seen this on many occasions, where there's a mechanics lien, for example, where Chicago Title will hold funds in escrow from the seller pending the adjudication of that lien. There's no duty for Chicago Title to pay off the lien at the closing, and I believe that's stated in the Schindler case, Schindler v. Watson, which is the second case in 2017, where this court says, closings happen all the time, you don't have to pay off the encumbrance, whether it be the seller or Chicago Title. Chicago Title issuing their insurance policies can create exemptions. Again, I've seen that in numerous instances where there's something that Chicago Title may say, I don't think this is the deal. I don't think it will come up. We're going to override it. It's still there on title. It may be an issue. It just doesn't make sense for them to scuttle the deal and say, we refuse to issue title insurance. We refuse to close because of this issue. So basically, you assume the risk. Correct, Your Honor. And then proceeded to defend the second suit, or the suit that brings us here today. So you, in other words, at the time of closing, you assumed the risk. Maybe this is a good lien. Maybe it isn't a good lien. I disagree with that contention, Your Honor, in that I don't believe Chicago Title itself assumed any risk. I believe that the buyer assumed the risk. And if the buyer was to issue a, make a title claim against the insurance policy, then, yes, it would be Chicago Title. But I think it's important to note that this lien was never foreclosed on. And I believe the reason the lien was never foreclosed on is because it's expired. So I guess secondarily, Your Honor, Chicago Title may have assumed risk when it issued a title insurance policy. If it did, I've never seen anything to the buyer. But that's a decision for Chicago Title to make. That's why the judge said that. Correct. My interpretation of Judge Sexton's ruling was that she said, I'm not going to quash it if that's not proper. Whether the lien is still valid, that Chicago Title can do whatever it wants at the closing. That's its job. Interestingly, the statutory section relating to the controlling statute for judgment in 735 LCS 512-101 was never invoked at that hearing. And that's another reason why I believe the rest of your comment is implied, because that is one of the primary bases of Chicago's title argument in the trial court in this matter. Was 12-108 ever invoked in the trial court? I don't believe it was invoked. I don't believe it was invoked by the plaintiff, Your Honor. It may have been mentioned briefly in one of the briefs, but it was never fully fleshed out. I believe that's controlling. It says that no judgment shall be enforced after expiration of seven years from the time it is rendered. And if it is revived, it has to be recorded again, is that right? Correct, Your Honor. I believe the statute is very clear that for a lien to continue to attach to a piece of property, it has to be revived in the court and then recorded against the property. Neither of which happened. And if a lien lapses, it can still be revived, and it can be recorded against the property, but only if the judgment debtor, which is Mrs. Gustafson, who seriously thought this entire lawsuit had not been a party, owns the property. She quickly, indeed, in 2009, pursuant to the marital divorce agreement. So while the judgment lien recorded prior to that was still attached for seven years, once it lapses, it can't go back to the property. In further discussing restitutacata, I believe we've already discussed the ruling and the validity of the lien. I'd also like to note that I don't believe this issue is right for appeal because I don't believe it was properly raised at the trial court. There were a lot of briefings in this matter, especially for a small claims case, motion to pursue a judgment, motion to reconsider. And the explicit issue of restitutacata was not brought up until the very last brief of a lot of briefs, which was the reply brief to the amended motion to reconsider. Chicago Titer was never given a chance to say, well, hold on, we're not for these. This is a different issue. In the reply between this matter, the plaintiff says that the statement indicates that restitutacata applied at trial. I'm sorry. Said it was brought up by implications. This statement indicates that restitutacata applied. When they said in the amended motion of reconsideration, this Court further erred in its application of the law of this case, ingrained Defendant's motion for purpose of summary judgment. They said themselves it indicates, it's an implication. That's not saying this is restitutacata, here's the black letter law, here's how it applies. The burden of proof is very clear that it's on the plaintiff to do so, and they never did it until a reply brief. That's why I think this, again, is not right for appeal. And third, most importantly, which we began discussing, was that the doctrine does not apply because it's a different issue from a different party. I believe we've already discussed how it's a different issue, but going further about how they're different parties, Privity, there's a fair bit of case law on that, and I don't believe that the plaintiff in its brief really fleshes into that. It's just a couple of conclusory sentences. Privy exists when this happens, therefore Privy's there. I don't think they came anywhere close to meaning they're burden of proof. And as I said, for Privy, there need to be certain legal relationships, whether it's a successful property, whether there's explicit authority, and I don't believe any of that happened. Accordingly, plaintiff's reliance on the doctrine of restitutacata is factually, legally, and procedurally improper and cannot be the basis to overturn trial court rulings in favor of Chicago Title. One of the – moving on to a different topic – one of the key cases that Chicago Title raised in its most concerning judgment that was considered a reference by Judge Russo was Falco v. Bates, which is a Fourth District case, not mine. But that case is very factually similar here. It was a small claims case where a third party issued a check for the debt of someone else, which I would argue is having to do with Chicago Title, then decided to stop payment on the check. There was a law – a lawsuit was brought, and the court held there was no liability because there – holding that there needed to be something more besides this decision to stop payment. Judge Russo, in considering this case, said, I think that's what happened here. Just because they issued a check, realized they made a mistake in stop payment, that's enough for liability. And interestingly enough, count two of the original complaint, the county against Chicago Title, has no cause of action. I don't know whether it's a contract. I don't know whether it's negligence or a tort. I don't know whether it's statutory. There was nothing there. I moved to dismiss. And the court said, basically, you know the facts. You know the reason why they're doing it. I'm going to let this proceed. But in the motion of subject judgment, I fleshed out, if it's a contract, there's no privity. If it's a tort, there's no duty. There's no reliance. There's no damages. There's a whole lot of issues setting aside everything we've talked about already, why plaintiff cannot make a claim directly against Chicago Title, because the claim is based on the stop check. And I don't think that's enough for the reliability. Moving on to the decision to dismiss the, I believe, the second amended complaint, particularly the consumer fraud count, which I believe is the only count of the three additional counts in front of this Court today. At an earlier hearing, when I raised the issue that there was no cause of action, Judge Russo said, is there a consumer fraud action? What's going on here? And that proven plaintiff, I believe, to bring that. Even, I believe, the record shows that there were some warnings from Judge Russo to say, be careful. If you're bringing this, you have to bring it. This was a last-ditch effort to recover against Chicago Title. It asked for an exorbitant amount of damages. And I believe it was properly dismissed that prejudice in this Court should have pulled that ruling. First, just from a procedural standpoint, plaintiff fails to plead with any specificity. They don't identify any individual Chicago Title, any deceptive acts. I understand small claims, but I believe that the well-known State Bureau of Courts standard for specificity still should apply, even understanding that small claims have a relaxed pleading standard. Second, there's nothing about the limited interaction between plaintiff and Chicago Title that can be considered within the course of trade or commerce. That's the key to the Consumer Fraud and Deceptive Businesses Act, is trade or commerce. That cannot apply. Writing a check is not a service. That's what they argue. That's not a good service. Chicago Title, as a closing agent, arguably performs services for the buyer, the seller, the lender, but not the plaintiff, who is a potential lien holder, I suppose. Moreover, the Consumer Fraud Act also requires reliance on damages, which I don't believe are present here. Accordingly, I believe that it was properly dismissed with prejudice. You filed a 619 motion to dismiss, correct? I don't recall, Your Honor, but I believe that's the case. I believe I moved to dismiss based on the fact that there was no cause of action stated. Well, that's a 615. It's 615. 619A9. You brought over 619A9, but you're really making a 615 motion to dismiss for failure to state a cause of action. I believe that, Your Honor, and it seems clear now in retrospect that I mislabeled that. I did not have a motion to dismiss effort. I have not looked carefully in the case enough to bring up issues of whether the lien was expired or anything else. I was just solely basing that motion on the fact that there was no claim. There was no cause of action in the Chicago Title, and I believe to be no relationship. There are two other issues I'd like to briefly discuss that were raised in this appeal. The first was whether Chicago Title was granted leave to file its motion of non-issue. Again, this is the same thing as the Convert Rule 287. Plaintiff has argued on numerous occasions that Chicago did not leave. We have argued that we did, that there were two prior occasions where the judge said, essentially, yeah, you can file whatever kind of motion you want, not specifically granting motion for leave, but saying, you know, a card voluntary bill for it. And then this was raised at the present of the motion. He put in the order specifically that Chicago Title was granted leave, essentially 87% to file the motion. I believe that's a non-issue. And the final issue which was raised in this appeal is the motion for sanctions filed against Chicago Title. This has been a contentious lawsuit for a small claims case. I filed a motion for sanctions. I believe, first, I believe it was meritorious. Plaintiff retaliated with their own motion for sanctions, parity in mind, literally word for word over, of course, about eight paragraphs. Important in the standard review for a motion for sanctions is abuse of discretion. Judge Russo read, was there for every one of the hearings and pleadings, read every word. He was tremendously well-prepared. I believe that he was certainly equipped to decide whether any sanctioned behavior occurred. He decided that did not happen for either party. Chicago Title asked him to not appeal. The plaintiff has. I do not believe that there is anything sufficient to overturn that abuse of discretion. It doesn't identify any sanctionable behavior. It doesn't, there's platitudes in there, but nothing sanctionable. And I would like to add, Your Honor, and this does not relate necessarily to the claims against Chicago Title, but I believe it's related. Is that my time? You may finish. Thank you, Your Honor. The rest of it kind of may apply in this case, but I believe it applies in favor of Mr. Gustafson. There was that ruling from Judge Denling, which Justice Burke mentioned earlier, where the court said that he was not obligated to pay any interest. And that was a lawsuit between Trenton, Trenton Butcher, between Mr. Gustafson. There was a clear ruling that said he's not obligated to pay any interest. And then in this complaint, count one is a claim from Watson Trenton Butcher against Mr. Gustafson asking him to pay the interest. Mr. Gustafson, I'm sorry, Judge Russo did not accept that argument emotionally so we don't know who Mr. Gustafson raised it. But I think if there's any res judicata, it's pretty clear that that's the only way it can apply. Thank you very much for the opportunity to argue today, Your Honor.  Do you wish to reply? Yes, Your Honor. Thank you again, Your Honor. May I proceed? Yes, sir. Thank you. First and foremost, regarding the privity, the case law in that is absolute. In People x Ray Burris, the court decided privity is said to exist between parties who adequately represent the same legal interests. For purposes of res judicata, it is the identity of interest that controls in determining privity, not the nominal identity of the parties. Moreover, adequate representation, which happens here by Mr. Gustafson's motion to quash, does not mandate that the litigant in the prior suit be successful, as Mr. Gustafson wasn't. Many appellate courts rely on the restatement of judgments, and the language of that is very clear. Privity is a word which expresses the idea that in certain matters and in certain circumstances, persons who are not parties to an action but who are connected with it in their interest are affected by the judgment with reference to interest involved in the action, as if they were parts. Exactly here, both Mr. Gustafson and Chicago Title had an interest in the determination of whether or not the lien on the property was valid or not. Therefore, undoubtedly, privity existed in this case pursuant to the terms of res judicata. We don't get to res judicata if we find that you forfeited this argument by failing to raise it until the reply brief on motion to reconsider. In answer to that, Your Honor, the whole case was brought up during the whole period of time. It was completely argued that an order was entered by Judge Sexton. In an oral argument, it was there. An order was entered by Judge Sexton. They need to file a motion for reconsideration or notice of appeal. The whole case, it was argued. We may not have put in there, hey, by the way, this is res judicata specifically, so you know, but they knew. They had notice of it pursuant to the arguments from the initiation of the case, Your Honor. They were fully aware that we argued and it was put in our complaint, period. They knew it and they understood it. It's a frivolous argument. Counsel stated quashing the lien invalidates the lien. Judge Sexton stated I'm not going to quash the lien. The motion to quash the lien is denied. So when a lien is quashed, it invalidates the lien. If Judge Sexton refuses, orders that the lien is not quashed, then therefore the lien is valid. Opposing counsel just said that he stated quashing the lien invalidates the lien. Therefore, Judge Sexton did not quash the lien. Therefore, the lien was valid. Chicago title did assume the risk regarding this case in issuing the check. They had notice and they were fully aware. Is there a difference between saying that the lien, motion to quash the lien is valid and the lien stands as it is? In other words, Judge Sexton did not tamper with the lien. She left it as it was. But if the judgment upon which that lien depends had expired, that still impacts the lien, correct? Well, Your Honor, wouldn't Judge Sexton, if that was the case, if she was really invalidating the lien, she would have said the motion to quash the lien. She did. If she denies a motion, the scope of her denial of a motion to quash it means the lien stands as it is. Correct? My interpretation is on that order. When she said motion to quash denied, the argument was Mr. Gubson brought the motion to quash to determine if the lien was valid, period. And she decided no, motion to quash denied. The whole premise, the whole background, the reason that Mr. Gubson brought his motion to quash was to make a determination of whether or not the lien was valid. And she said the lien stands. I'm not taking the lien off the property. That's how they're going to get paid. If she states that's how they're going to get paid, she's making the understanding that the lien is valid, and that was her determination. Why else would Mr. Gubson have brought his motion? Okay, sure, the lien stays on the property, but it's not valid. No, the whole point of that procedure and that proceeding was to make a determination of whether or not the lien was valid, not only for Mr. Gubson's purposes, but also for Chicago Title, and that's how they had privity, because they had the same interest of the case, an obligation to satisfy the lien if it existed, and they needed to know whether or not the lien was valid or not. And when Judge Sexton stated, I am not taking the lien off the property, the lien stands, as the proposing counsel stated, if the motion to quash was granted, that would have invalidated the lien. She did not do that. Therefore, the lien stands, the lien is valid. He brought that motion because he alleged satisfaction of the debt. Right. He never said anything about it being exploited. Well, satisfaction of the debt would still underline, Your Honor, what I mean by that. If he claims satisfaction of the debt, he's claiming that the debt is satisfied, the lien is invalid, get it off my property so I can sell the property unencumbered, and I won't be accrued this interest to pay him in pursuance of the interest. Right. And Judge Sexton didn't rule against him on the satisfaction issue. I mean, she had no idea what the lien was exploiting. Well, again, Your Honor, when she entered the court order and she said, I'm denying the motion to quash, therefore, the understanding is the lien is valid on the property. They had the proper procedure, Chicago title, who had privity. In this case, it's completely governed by res judicata. If that was an issue, the proper procedure is to file a motion for reconsideration or a notice of appeal, not to unilaterally stand in the shoes of a judge and make the determination sitting in their office that the lien is not valid. They had the opportunity to do it, Your Honors, and they simply did not do it. If they didn't believe that the lien, the determination by Judge Sexton was correct and there was a question as to the validity of the lien, they should have filed a motion for reconsideration or a notice of appeal and res judicata would have barred us even being here today. Thank you very much. All right. Thank you very much. We will be in recess until 1130.